IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MAURICE CHEW-BEY,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v.  ) | Civil No. **06-707-GPM** |
| ) | |
| **DON HULICK,** ) | |
| ) | |
| Respondent. ) | |

**REPORT AND RECOMMENDATION**

**PROUD, Magistrate Judge:**

This Report and Recommendation is respectfully submitted to District Judge G. Patrick Murphy pursuant to 28 U.S.C. §§636(b)(1)(B) and (C).

Before the Court is Respondent's Motion to Dismiss **(Doc. 9)**. In response, petitioner filed a pleading entitled "Motion for Leave to Hold Federal Habeas Corpus Petition in Abeyance." **(Doc. 12)**.

Maurice Chew-bey (convicted under the name Maurice Chew) is an inmate in the custody of the Illinois Department of Corrections. He filed a petition for writ of habeas corpus under 28 U.S.C. §2254 on September 11, 2006.

Respondent moves to dismiss because the petition was untimely.

**State Court Proceedings**

In 1985, following a bench trial in St. Clair County, Chew-bey was convicted of murder, attempted murder, armed violence, aggravated criminal sexual assault, and aggravated battery. .

As described by the Appellate Court in its Rule 23 order on direct appeal, the victims of the crimes were petitioner's ex-girlfriend, Michelle Sanders, and her fifteen year old female cousin, Muth Auten. **See, Doc. 9, Ex.A.** On August 18, 1985, in the early morning hours,

1

Chew-bey forced the victims to leave Sanders' house in St. Louis, Missouri, and to ride with him to East St. Louis, Illinois. The car in which they rode belonged to Chew-bey's then girlfriend, Lawanda Rowsey, who was driving. In East St. Louis, they picked up Chew-bey's niece, Frankie Timmons. They drove to a "dark, secluded place," where Chew-bey raped the fifteen year old and shot both victims. Muth Auten was killed, but Michelle Sanders survived. Michelle Sanders and Frankie Timmons testified at trial on behalf of the state. Defendant presented no evidence during the guilt phase, but did present five witnesses during the penalty phase. He was spared the death penalty, but was sentenced to consecutive extended terms of 80 years for murder, 60 years for aggravated criminal sexual assault, and 60 years for armed violence. He was not sentenced on the attempted murder and aggravated battery counts

The convictions were affirmed on direct appeal, but the extended term sentences for armed violence and aggravated criminal sexual assault were vacated and reduced to 30 years for each. **Doc. 9, Ex. A**. The Appellate Court's decision on direct appeal was dated November 16, 1988. Petitioner did not file a petition for leave to appeal to the Supreme Court. **Doc. 1, p. 2**.

Petitioner filed his first postconviction petition in state court on December 10, 1997, more than eight years after his conviction became final. **Doc. 1, p.2.** The petition was dismissed on April 30, 1998. **Doc. 9, Ex. B**. Petitioner filed a successive postconviction petition in 2004, which was also dismissed. **Doc. 1, Ex. 4**.

## Analysis

On April 24, 1996, the present version of 28 U.S.C. §2244 came into effect. The statute creates a one-year limitation period for filing a petition for writ of habeas corpus. Under 28 U.S.C. §2244(d)(1), a person convicted in state court must file his federal habeas petition *within one year of the latest of*:

(A) the date on which the judgment became final by the conclusion of direct review or

2

the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Chew-bey's conviction was affirmed on direct appeal on November 16, 1988. He had 35 days from that date in which to seek leave to appeal to the Illinois Supreme Court. Ill. Sup.Ct. R. 315(b). He did not do so. **See, Doc. 1, p.2.** In calculating the date on which his conviction became final for purposes of the habeas filing period, he also gets the benefit of the 90 day period in which he could have sought certiorari review in the United States Supreme Court. ***Lawrence v. Florida*, 127 S.Ct. 1079, 1083-1084 (2007); *Balsewicz v. Kingston*, 425 F.3d 1029, 1032 (7th Cir. 2005).** Thus, Chew-bey's conviction became final on or around March 22, 1989, well before the effective date of **§2244(d)(1)**.

Where a conviction became final before the effective date of **§2244(d)(1)**, the one-year period of limitation begins to run on the effective date of the statute, April 24, 1996. Thus, petitioner had until April 24, 1997, in which to file a timely petition in this court. ***Newell v. Hanks*, 283 F.3d 827, 833 (7th Cir. 2002).** He did not do so.

This petition is not made timely by application of the tolling provision of **28 U.S.C. §2244(d)(2)**. That section tolls the running of the one-year period during the time that a "properly filed" application for state postconviction remedy is pending. Here, there was no application for state postconviction remedy pending at any time during the one-year limitation period. Chew-bey's first postconviction petition was not filed until December 10, 1997, after the

3

one-year limitation period had already run. Postconviction petitions filed after the one-year limitation period has expired do not revive the period. ***Johnson v. McCaughtry*, 265 F.3d 559, 564-565 (7th Cir. 2001).**

The untimely petition is not saved by any other provision of §2244(d)(1). It is apparent that §2244(d)(1)(B) and §2244(d)(1)(D) do not apply. This case does not fall within the "retroactive application of a new constitutional principle" exception contemplated by §2244(d)(1)(C). Petitioner attacks the validity of his extended term sentence. Presumably, he relies on *Apprendi v. New Jersey*, **530 U.S. 466, 120 S.Ct. 2348 (2000)**. However, *Apprendi* does not apply retroactively on collateral review and therefore "does not disturb sentences that became final before June 26, 2000, the date of its release." ***Curtis v. U.S.*, 294 F.3d 841, 844 (7th Cir. 2002).**

The court notes that Chew-bey states in his motion to hold his habeas petition in abeyance that he has "issues of Federal and State Constitutional violations pending in the State Court which were filed prior to the filing" of his habeas petition. **Doc. 12, ¶7**. This directly contradicts the petition, in which he stated that he had no petition or appeal pending in any state court. **Doc. 1, ¶10.** The Supreme Court has approved of holding a habeas petition in abeyance when the petition is "mixed," that is, it contains both exhausted and unexhausted claims. ***Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528 (2005)**. However, the instant case does not come within the *Rhines* stay and abeyance procedure, because Chew-bey's petition was not a timely filed mixed petition. There is no basis on which to stay the habeas petition here. Chew-bey's habeas petition was filed long after the one-year limitation period had run. Even if Chew-bey now has some sort of state action pending, a state court petition filed after the one-year limitation period has run does not revive the limitation period. ***Johnson v. McCaughtry*, 265 F.3d 559, 564-565 (7th Cir. 2001).**

Lastly, there is no basis for equitable tolling here. In a recent case, the Supreme Court noted that is has not decided whether the one-year limitation period is subject to equitable tolling. **Lawrence v. Florida**, **127 S.Ct. 1079, 1085 (2007)**. The Court held that, assuming without deciding that equitable tolling applies, in order to qualify, a petitioner would have to show that he has been diligently pursuing his rights, and that "extraordinary circumstances" prevented him from filing a timely petition. **Id.** Chew-bey's only explanation of his inaction is a statement in his petition that "on December 10, 1997, acting upon incorrect legal advice from prison law clerks," he did not attempt to appeal the Appellate Court's decision on direct appeal, but filed a postconviction petition. **Doc. 1, ¶6**. However, incorrect legal advice or a mistake of law do not constitute extraordinary circumstances. **Id.; Williams v. Sims**, **390 F.3d 958, 963 (7th Cir. 2004).**

### Recommendation

Because it is clear that Chew-bey's petition is untimely, this court recommends that Respondent's Motion to Dismiss **(Doc. 9)** be **GRANTED**, and that Petitioner's Motion for Leave to Hold Federal Habeas Corpus Petition in Abeyance **(Doc. 12)** be **DENIED**.

The petition for habeas should be dismissed with prejudice.

**Objections to this Report and Recommendation must be filed by December 4, 2007.**

**Submitted:  November 14, 2007.**

        s/ Clifford J. Proud
        **CLIFFORD J. PROUD**
        **UNITED STATES MAGISTRATE JUDGE**